**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2826
_____

ALBERT B. KORB,
Appellant

v.

SGT. HAYSTINGS; JOHN E. WETZEL, SRC DOC; MIKE CLARK, Superintendent
Albion
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1-18-cv-00042)
Magistrate Judge:  Honorable Richard A. Lanzillo
_____

Argued May 26, 2021
_____

Before:  GREENAWAY, JR., SHWARTZ, Circuit Judges, and ROBRENO, District
Judge.[*]

(Filed: June 8, 2021)
_____

OPINION[**]
_____

_____

[*] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.
[**] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

Michael P. Corcoran
Michael H. McGinley
Dechert
2929 Arch Street
18th Floor, Cira Centre
Philadelphia, PA 19104

Emily Portuguese [ARGUED]
University of Pennsylvania School of Law
3400 Chestnut Street
Philadelphia, PA 19104

  Counsel for Appellant

J. Eric Barchiesi
Daniel B. Mullen [ARGUED]
Office of Attorney General of Pennsylvania
1251 Waterfront Place
Mezzanine Level
Pittsburgh, PA 15222

  Counsel for Appellees


SHWARTZ, <u>Circuit Judge</u>.

  Albert Korb sued three officials at the State Correctional Institution at Albion ("Albion") in Pennsylvania (collectively, "Defendants"), alleging that they violated his constitutional rights when Defendant Sergeant Haystings assaulted Korb. The District Court dismissed Korb's complaint, finding that he failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), <u>see</u> 42 U.S.C. § 1997e(a), and that he did not make specific allegations against Defendants John Wetzel, Secretary of the Department of Corrections, and Mike Clark, Superintendent of Albion. Because the District Court erred in dismissing the complaint with prejudice, we will vacate the dismissal order and remand.

I[1]

Korb is an inmate in Albion's special needs unit.  A prison guard directed Korb to go to Haystings's office, and Korb complied.  Haystings began speaking to Korb about the cleanliness of his cell, and Korb turned to leave.  Haystings then put his arms around Korb, "twisted [him] sideways," and ordered him to sit down.  J.A. 26-27.  Korb complied because he was afraid that Haystings would harm him.

Following that incident, Korb filed a pro se complaint in the United States District Court for the Western District of Pennsylvania against Haystings, Wetzel, and Clark, alleging that Haystings assaulted him in violation of his constitutional rights.[2]  The complaint mentioned Wetzel and Clark only in its caption.  In a letter attached to the complaint, Korb noted that he "must [exhaust the] Albion grievance steps 1-2-3- before [the §] 1983 civil rights lawsuit is valid."  J.A. 29.  At the time he filed his complaint, he had started but had not yet completed the grievance process.

The District Court granted Korb's motion to proceed in forma pauperis and directed the Clerk of Court to docket his complaint.  Thereafter, Korb informed the Court that he completed the grievance process.  Nevertheless, Defendants moved to dismiss

---

[1] This appeal arises from an order dismissing the complaint under Federal Rule of Civil Procedure 12(b)(6), so we derive the facts from the complaint and accept them as true.  In re Vehicle Carrier Servs. Antitrust Litig., 846 F.3d 71, 78 n.2 (3d Cir. 2017).  We construe those facts in a "light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Wayne Land & Min. Grp. LLC v. Del. River Basin Comm'n, 894 F.3d 509, 527 (3d Cir. 2018).

[2] Korb's initial complaint named only Haystings, but Korb filed an amended complaint against Wetzel and Clark a few days later.  This opinion refers to the amended complaint as "the complaint."

3

Korb's complaint, arguing that Korb admitted in the complaint that he had not completed the grievance process and that the complaint lacked any specific allegations against Wetzel or Clark. In response, Korb again asserted that he had exhausted his administrative remedies.

The District Court granted Defendants' motion and dismissed Korb's complaint with prejudice. See Korb v. Haystings, No. 1:18-cv-00042, 2019 WL 1243279, at *3 (W.D. Pa. Mar. 18, 2019). The Court dismissed Korb's claims against Haystings because Korb's complaint stated that he had not completed the grievance process. Id. at *2-3 (citing 42 U.S.C. § 1997e(a)). It dismissed Korb's claims against Wetzel and Clark because Korb did not specify their personal involvement in the alleged wrongdoing. Id. at *2. The Court also denied Korb leave to amend the complaint because it found that Korb failed to exhaust his administrative remedies as required by the PLRA and, as a result, any such amendment would be futile. Id. at *2-3.

Korb filed several declarations challenging the District Court's conclusions, which the Court treated as motions to reconsider and denied. Korb appeals.

II[3]

A

We must first determine whether the District Court properly dismissed Korb's complaint with prejudice because he had not exhausted his administrative remedies when he filed his complaint.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). We apply our pre-PLRA procedures to PLRA cases, Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000), which include a directive that when a prisoner does not exhaust his administrative remedies, his "complaint should be dismissed without prejudice to its reinstatement [after exhaustion]," Ghana v. Holland, 226 F.3d 175, 184 n.4 (3d Cir. 2000) (alteration in original). Thus, under the statute and

---

[3] The parties consented to the United States Magistrate Judge's jurisdiction. The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. See Fed. R. Civ. P. 58(a); LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 223-24 (3d Cir. 2007) ("[I]f a certain order is subject to the separate-document requirement of Federal Rule of Civil Procedure 58 and no separate document exists, an appellant has 180 days to file a notice of appeal—150 for the judgment to be considered 'entered,' plus the usual 30 days from the entry of judgment." (citing Fed. R. App. P. 4(a)(7)(A)(ii))).

We review an order granting a Rule 12(b)(6) motion to dismiss de novo. Garrett v. Wexford Health, 938 F.3d 69, 81 (3d Cir. 2019). We review a district court's construction of a pro se plaintiff's pleadings for an abuse of discretion. See id. at 91-92, 91 n.26 (explaining that because the district court "correctly identified the liberal construction standard applicable to [the plaintiff's] pro se pleadings," the Court "consider[ed] whether the [d]istrict [c]ourt abused its discretion in applying that standard, not the legal question of whether the [d]istrict [c]ourt employed the correct standard in the first instance").

case law, a prisoner typically must exhaust his administrative remedies before he presents his complaint to a federal court. When a court determines that the prisoner has not exhausted his remedies, it should dismiss the complaint without prejudice to enable the prisoner to cure this procedural deficit.

This approach also applies where a prisoner began but did not complete the exhaustion process before he filed his complaint. There too, a district court may dismiss the complaint without prejudice to be refiled after the prisoner completes the grievance process. Thus, dismissal with prejudice in such a situation is improper.

Dismissal with prejudice is also improper in a case like this, where a prisoner shows that he has exhausted his administrative remedies before a motion to dismiss is filed. Under Garrett v. Wexford Health, 938 F.3d 69 (3d Cir. 2019),[4] a district court may

_____

[4] In Garrett, we acknowledged the argument that the PLRA's "[n]o action shall be brought" language, in isolation, suggests that a plaintiff must exhaust his administrative remedies before filing a complaint. 938 F.3d at 90 (alteration in original). Because a complaint is "brought" under the Federal Rules of Civil Procedure, however, we determined that the Rules allow a plaintiff to supplement his complaint to show exhaustion after filing the complaint, and that doing so complies with the PLRA. Id. at 90-91. Moreover, because a supplemental complaint curing filing defects in the original complaint "relates back to the original complaint," id. at 83 (quoting Fed. R. Civ. P. 15(c)(1)(B)), courts should consider the content of the supplement as though it were included in the original complaint when it was "brought," id. at 82-84; see also Downey v. Pa. Dep't of Corr., 968 F.3d 299, 308 (3d Cir. 2020) (noting that "a supplemental complaint filed post-incarceration cures a former inmate's failure to exhaust administrative remedies while imprisoned . . . so long as the . . . supplemental complaint relates back to the initial complaint" (citation omitted)). Accordingly, Rule 15(d) permits a PLRA plaintiff to cure a deficiency based on subsequent exhaustion by filing a supplemental pleading, and such facts are deemed to be part of the complaint that the plaintiff initially presented to the court.

Defendants argue that we should not follow Garrett because it is factually distinguishable from this case. Garrett's holding that the PLRA does not prohibit a plaintiff from filing a supplemental pleading to cure an initial filing defect such as the

view pro se filings informing the court that the prisoner completed the grievance process as supplements to his complaint.[5]  See id. at 81 n.17 (rejecting the defendants' argument that a filing could not qualify as a supplemental complaint because the plaintiff did not move for leave to supplement).[6]

Here, even before Defendants filed their motion to dismiss, Korb sent letters to the District Court proving that he complied with Albion's grievance process after he had filed his complaint, thus "setting out an[] . . . occurrence[] or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d).  Those filings

_____

failure to exhaust administrative remedies, however, is not limited to its facts.  938 F.3d at 91.  Rather, the Federal Rules of Civil Procedure apply when addressing events that occur after the original complaint is filed and can be used as a vehicle for presenting facts that arose after the complaint was filed that cure pleading defects.  Id. at 87.

[5] There is a difference between amended and supplemental pleadings.  Federal Rule of Civil Procedure 15(a) "provides generally for the amendment of pleadings" and functions "to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original complaint."  Garrett, 938 F.3d at 82 (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure § 1473 (3d ed. 2019)).  Rule 15(a) "ensur[es] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim."  Id.  Generally, "an amended pleading supersedes the original pleading and renders the original pleading a nullity."  Id.  Supplemental pleadings, on the other hand, are governed by Rule 15(d), and, "rather than set forth additional events that occurred before the original complaint was filed, . . . a supplemental pleading under Rule 15(d) presents more recent events."  Id.  A supplemental pleading adds post-complaint events to the operative pleading and does not supersede it.  Here, because Korb's exhaustion took place after he filed his original complaint, his filings informing the Court that he had completed the grievance process were supplemental, as opposed to amended, pleadings.  A supplemental pleading may cure jurisdictional defects, Mathews v. Diaz, 426 U.S. 67, 75 (1976), and non-jurisdictional defects, T Mobile Ne. LLC v. City of Wilmington, Del., 913 F.3d 311, 324-26 (3d Cir. 2019), such as the PLRA's affirmative defense of exhaustion, Jones v. Bock, 549 U.S. 199, 212 (2007).

[6] Exhaustion under the PLRA is not a pleading requirement.  Jones, 549 U.S. at 212.

7

constituted Rule 15(d) supplemental pleadings.  See Garrett, 938 F.3d at 81 n.17

(concluding that the pro se plaintiff's filing titled as an amended complaint should be

construed as a supplemental complaint based on its substance).  Thus, under Garrett, the

Court should have viewed Korb's pre-motion-to-dismiss filings as supplements to the

complaint,[7] treated the events alleged therein as part of the original complaint, and

considered whether they demonstrated that Korb had exhausted his administrative

remedies.[8]  Because the Court instead dismissed Korb's claim against Haystings with

prejudice without considering that he has completed the exhaustion process before a

motion to dismiss was filed, we will vacate the dismissal order.

B

We next examine whether the District Court properly dismissed with prejudice the

claims against Wetzel and Clark.  Although the Court correctly determined that the

complaint was deficient regarding the claims against those Defendants because Korb

failed to allege that they were personally involved in the incident, see Evancho v. Fisher,

423 F.3d 347, 353 (3d Cir. 2005) ("A[n individual government] defendant in a civil rights

action must have personal involvement in the alleged wrongdoing . . . [which] can be

shown through allegations of personal direction or of actual knowledge and

---

[7] The need to supplement a complaint to indicate exhaustion can be avoided if the plaintiff fully exhausts his administrative remedies before bringing suit and so indicates in the pleadings.

[8] If a district court is unsure whether a pro se plaintiff intends to supplement a complaint with a subsequent filing, it may first issue an order inquiring whether the plaintiff intends to supplement the complaint before dismissing the action entirely.  Cf. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).

acquiescence." (first alteration in original)), it erred in failing to permit a curative amendment, see Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) ("We have held that even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). The Court concluded that a curative amendment as to the claims against Wetzel and Clark would be futile because Korb had not exhausted his administrative remedies and therefore his complaint would be dismissed regardless of whether he stated a claim against them. Korb, 2019 WL 1243279, at *3. Because, for the reasons discussed, Korb adequately supplemented his complaint to show that he had exhausted his administrative remedies, the Court relied on an improper ground for concluding that a curative amendment would be futile. Accordingly, on remand, the Court should permit Korb to amend his complaint to attempt to cure the pleading deficiencies.[9]

III

For the foregoing reasons, we will vacate the District Court's order dismissing Korb's complaint and remand for proceedings consistent with this opinion.

---

[9] The District Court should address any other defenses to the complaint. See Alston, 363 F.3d at 236.